The first matter that we will call this morning is Seneca Resources Corp v. Township of Highland. It is Sherman Waller. Thank you, Your Honor. Good morning, Chief Justice, Justices of the Court, and may it please the Court. We're actually judges, but we thank you for the promotion. If there's any pain that goes along with it, we'll accept it. Otherwise, you can call us judges. In practicing, I tried to avoid saying that, and I obviously maybe should have practiced a little more. Thank you. If I may reserve three minutes for rebuttal. Go ahead. Thank you. My name is Lindsey Sherman Warren. I represent the three attempted or proposed intervenors into this case. We're here before this case for two reasons. First, the Court should reverse the trial court's orders denying proposed intervenors' motion to intervene and motion for reconsideration of intervention denial because the trial court used the wrong legal standard for determining adequate representation. We've read your brief, so I think we know what you're here to argue. Maybe we could start by asking you, are you arguing about permissive or about intervention as of right or both? I was looking for permissive intervention arguments. Didn't really see them. You're confining yourself to an argument about intervention as of right. Just intervention by right, Your Honor. With that in mind, what do you hope to accomplish out of this? Even if we were to permit you to intervene, what would that intervention obtain for you ultimately? Well, that gets to the second point, which is that this Court should void the section of the trial court's final order that adopted the consent decree paragraph 13 as an order of the Court. Even if we did that, the ordinance has been repealed. What is your complaint? Well, exactly. The ordinance has been repealed. But right after the ordinance was repealed, the appellees entered a consent decree in which they said they agreed that the ordinance was unconstitutional and void for a variety of reasons. And then the trial court adopted that as its order. We put in a motion... If the ordinance has been repealed, we can't, as an advisory matter, say, well, it was unconstitutional in the first place, can we? We have to have present controversy. You're right. Nor can the trial court enter an order saying that the repealed ordinance is unconstitutional. We had two non-controversial parties sit down and agree on what they wanted the law to be, what they wanted the law on corporate constitutional rights, on local government authority, and on preemption to be. They put down their wish list. They presented it as a consent decree to the trial court. And the trial court didn't just approve it as those two parties believe that this is what the law is. The trial court entered it as its finding of fact, its order. If there is no longer an ordinance, isn't this moot? And if it's moot, doesn't that go back to the district court where it was also moot? So all of that's a nullity. Right. I mean, what's your complaint? So one way to resolve this is to say that the trial court did not have the authority to enter an order. It didn't have a jurisdiction if it was moot. So, yeah, if the ordinance was appealed and then you had non-controversial parties, how did the trial court enter an order saying that that repealed ordinance was unconstitutional? That's what the trial court did. Okay, so are you saying that it was moot in the district court? I'm just saying the district court lacked Article III jurisdiction, and I would also say that it was moot as well. And the court, as a prudential matter, should have said that, okay, I'm happy to settle whatever disputes Seneca and Highland believe they still have between themselves. But when it comes to that ordinance, there's not an Article III controversy at this point because these parties agree on what they want the ordinance to be. And also, the ordinance has been repealed. You've asked in the alternative in your supplemental brief for us to vacate the consent decree, and I take it that's it. So if the consent decree is off the table, you're satisfied. That's the only thing you're disputing. You're not disputing that the township could settle up with Seneca, right? So at this point, it's really Paragraph 13 of the consent decree adopted as a court order. That's the issue. Now, I think there is a procedural... Well, if you can, give me a yes or no to that question, and then go ahead and explain if you want. But am I correct that you don't have a dispute with the notion that the township and Seneca could settle Seneca 1, that first lawsuit? In fact, your argument that the matter is moot and so that the court couldn't have entered the consent decree sort of depends on the notion that those parties could settle, and you don't have a beef with that, right? Unfortunately, I don't think it's a yes or no answer. I'd like to give you a yes or no answer. But the issue is Seneca says, well, we had Section 1983 damages claims. Those damages claims are reliant upon Seneca actually having its corporate constitutional rights violated by the ordinance. So if they actually have damages claims pending, then there is a question of whether the ordinance actually violated their rights. I thought, did they settle the case or not? They settled the case. Those claims were dropped in the settlement, weren't they? I'm sorry, what? Those claims were dropped as part of the settlement, were they not? Yeah, and so the settlement basically was both sides walked away. Right, so both sides settle. Why can't you... Since you say, quote, alternatively the court can vacate the consent decree finding the district court lacked jurisdiction when it entered the consent decree adjudicating validity of the ordinance because the ordinance had been repealed. Isn't that an acknowledgment that if we did that, that would make you whole? Because you don't have anything to say about the settlement itself between the township and Seneca. More or less, yes. The reason why I'm not just giving a straight up yes answer to that is because Seneca brought claims including Section 1983. And so that is reliant upon Seneca being harmed by the ordinance. Interveners tried to come into this case on the side of the government with the interest of defending the ordinance. So Seneca and Highland could say, hey, between us, we're going to decide there's no liability. We're each going to go home, pretend this never happened. That's ultimately what they did. They repealed the ordinance and said, no damages, no liability. You and your clients have nothing to say about that, right? You don't have any basis to say, hey, they're not allowed to settle. You kind of acknowledge they could settle it. Your problem is with the consent decree which goes beyond the settlement and talks about the constitutional validity of the Citizens' Bill of Rights. Have I understood that correctly? That's right, Your Honor. Okay. Yes. So part of the settlement agreement was their wish list for what they want the law to be. And not only did the trial court approve that settlement agreement, it's on Appendix Page 21, but the trial court said specifically take Paragraph 13, Sections A through G, and adopt that as the finding and order of the court. In other words, the court made their settlement agreement on what they as parties believe the law should be into the law of the court. And that's something that Proposed Interveners take issue with. You would agree, wouldn't you, that there are some portions of the amended ordinance here that clearly were unlawful? Your Honor, those are the issues that we'd like to litigate before the court, but unfortunately we're stuck in this. You think there's an arguable position to be taken that there was no preemption of some of the laws here? Your Honor, that would be like being in 1907 arguing against Lochner. Taking away corporations' personhood? Again, that would be like being in 1900 arguing against separate but equal. So, yes, we're challenging corporate constitutional rights. We're making a good faith claim for a change in the law, and we've been barred from doing that. When you say you're making a good faith claim for a change in the law, I'm not sure I understand. Are you saying that you think that the Citizens' Bill of Rights, that ordinance in itself, isn't in totality defensible? That the Township of Highlands can override federal law? That's what I asked, but I don't think I got a straight answer. Sorry, Your Honor. So I don't think the Township of Highland can override federal law. I think that local governments can create stronger human rights protections and environmental rights protections than state law or federal law provide. Just like state constitutional protections can be more expansive than the federal floor of constitutional rights. The Bill of Rights does not preempt a state constitution. Private corporations engaged in depositing of waste from oil and gas extraction are wrongly recognized by federal and state governments as having more rights than the people who live in our community. Now that certainly states a political sentiment and one that no doubt is strongly felt. They may not like the federal law, but can the Highland Township, the several hundred people who perhaps voted for this, say, yeah, we don't really care what the federal government or the state government says for that matter. We live here and we don't like it, so we're passing this law. They can't go below the standards that the federal government has provided for environmental protection, but, Your Honor, I think we can argue that they can go above those standards and create more protective rights for the people than the federal government provides. Let's look at Article… So if the federal government says, this is the level at which certain activity can take place, and we have in our thoughtful expertise proposed these levels, Congress passes a law or the EPA under authority of the Congress does something and sets certain levels, the Highland Township can say, you guys got that wrong. We're in charge here. We live in this neighborhood. We're setting this standard. And that is, in your view, consonant with constitutional federalism and the supremacy clause of the Constitution. If they're increasing the protections, yes, I believe that that is an arguable thing. So the challenge here, though, is that we're not at that point in this litigation. So the briefing before this court is not about those issues. And if the court would make supplemental briefing on those issues, I'd be happy to provide it. But I don't think we're positioned to argue that at the appellate court level at this stage. We're here talking about whether the intervener should have even had the right to get into this case, which the trial court denied. The trial court ultimately ruled on substantive issues prior to ruling on the intervention. And if that is allowed to go forward, it means that a trial court can simply get rid of interveners who have a right to intervene simply by not ruling on their intervention petition. So then the trial court gets to the point where it either settles the case or it rules on substantive measures. And the interveners are then in this position here saying, can we even hear this case? What is there to go forward? What there is is the trial court ultimately adjudicated the repealed ordinance without a controversy between the existing parties. So the court needs to grant intervention so that it can then take up our motion for reconsideration in which we argued that the court lacked Article III jurisdiction in order to even rule on the repealed ordinance when the only parties before the trial court were non-adversarial. Can I ask you, since you've asked for intervention on behalf of each of the three parties that you represent, we may have to confront the question which was a panel in the Grant Township case avoided, and that is, does the Crystal Spring ecosystem, is it a party that can be even recognized as having an interest? And I'm honestly trying to be delicate about this, Mr. Sherman-Warren, but I don't know how an ecosystem comes to court. I don't know how... Well, the ordinance has provided procedural rights, right? The ordinance... For the ecosystem. The question is, how do you implement them? But that's what you purport to do with the ordinance, isn't it? Yeah, and I'd love to answer these questions, but I just want to check. I'm out of time. Is that okay? That's all right. Okay. So, yeah, the ordinance specifically recognizes rights for the ecosystems in Highland Township. So here we're talking about Crystal Spring, which is the water supply for the people of James City. Yeah, we've read it. We understand that. The point is, speak to Federal Rule of Procedure 17, which talks about the capacity to sue or be sued. You've got to speak to that. Regardless of what the good people of the township think, we're here dealing with Federal Rule of Civil Procedure 17. How is there a capacity to sue in the streams and the watershed and the growing grass of your township? Federal Rule of Civil Procedure 17 explicitly defers to the state for deciding who has capacity to sue and be sued. And when it defers to the state, it also defers to local law as part of state law. Where do you get that? I cited a case in the opening brief talking about the City of New York's determination of who has capacity to sue and be sued there. So Federal Rule of Civil Procedure 17 doesn't say it's the federal court who decides who has capacity to sue and be sued. It is the law of that state. And here, the law of that state in Highland Township expressly gives an ecosystem the capacity to sue and be sued. All right. We'll have you back on rebuttal, Mr. Sherman-Lorenz. Thank you, Your Honors. Mr. Yores. Court, please. My name is Stan Yores. I'm representing Plaintiff Appellee Seneca Resources. I respectfully request nine minutes of the 15 minutes allotted to appellees. Your Honors, I think before we reach any of the substantive matters that the court has correctly addressed, I think we have to at least look at the supplemental briefing that the court called for with regard to Hollingsworth. And we've supplied the briefs. I know the court has read them. But it does seem to me that even before we reach the issue of whether the potential interveners can come up to this court to argue whether they were allowed to intervene, we have to see if they have Article III standing. Right. Well, do we have to say whether they have Article III standing? The question has come up in King v. New Jersey. This court said interveners do not have to have Article III standing, right? Oh, absolutely. Interveners in the district court do not have to have Article III standing. I know there's a split in the circuits, but I'm talking about whether they need to have Article III standing to take the appeal. So you're making a mootness argument. I'm sorry, Your Honor. So your argument is a mootness argument? Maybe they could have done this in the district court, but they can't come here now because the case is over? When you say they have no standing, what is your Article III standing on? I think that is what Hollingsworth – that is the teachings of Hollingsworth. Once the case was essentially concluded in the district court, Chief Justice said that we have to have a different analysis. Do you have the Article III standing to appeal? All right. Well, then let's talk about mootness, because you're making a mootness argument. You're saying the case was over. That's part of the argument. That's correct. Okay. How can the case – I want you to respond to what your opponents say when they essentially say you can't have it both ways. You can't say, on the one hand, that this case is over because the parties settled, but that you're entitled to hold on to a consent decree which binds everybody ad infinitum that they didn't have any chance to speak to. That that's real and that's live, and you can't – you're speaking out of both sides of your mouth there. Understand, we're not speaking out of both sides of our mouths. At the time the consent decree was entered into, the amended ordinance had been repealed, but there was still a live case in controversy between Seneca and the township. Seneca had sought damages, attorney's fees, and costs. That was still alive. The case was not over. And you settled it. And with regard to Judge Baxter incorporating within her consent decree the various issues of unconstitutionality, which we happen to think are quite clear, it's not as if Judge Baxter took what we provided to her and with no thought entered it. There was extensive briefing. Why does that matter? I'm not following. Look, if the only thing – if the settlement were all that were at stake here, you should have no problem with the consent decree being revoked, right? Because that doesn't touch your settlement. You settled up with the township and you're done. It doesn't – part of it doesn't touch the settlement. For instance, part of the consent decree, one of the things we, Seneca, was bargaining for in the consent decree was that, yes, we see that the amended ordinance has been repealed, but we don't want you two weeks from now, Mr. Supervisor, to come in and reassert. Do it again. I absolutely understand the strategic thinking that probably went behind what Seneca did in wanting this to be a consent decree, but by making that strategic choice, didn't you, by that very decision, say, and now this case is about more than us and the township, didn't you say this case goes beyond that and, by doing that, implicate the rights of people like the would-be intervener of appellants here who can come in and say, hey, that wasn't just two parties settling up. That's a court order now that binds everybody going forward. We're entitled to have spoken to that. Well, again, at the time, the ordinance had been repealed. So in terms of the interveners, they had intervened to try to defend the ordinance. Hold on. I'm just not following the logic here. How can you say it's all over because the ordinance was repealed and then say at the same time, hey, but not only is that ordinance repealed, there's a statement about its constitutionality which is ongoing, which has got continuing effect. Don't worry about that because it's over. But, by the way, it's still going on in the sense that we've got a consent decree moving forward. How can those two things be happening at the same time? Two answers, Your Honor. First, as I mentioned, it was not over entirely because of the issue of cost damages. And, second, I have little doubt that in the future, if we have a consent decree in cases going forward, for instance, the case that we mentioned on the Home Rule Charter that's going forward right now, which essentially duplicates the amended ordinance, I have little doubt that the interveners are going to say, what's a consent decree? It wasn't after a hearing on the merits. It wasn't a decision on the motion for judgment on a plea. It wasn't a decision on a motion for summary judgment. They're going to suggest, I suspect, that, yes, the parties entered into a consent decree, but that does not bind other people. So you're saying the consent decree, it shouldn't really bother anybody because even though it's a consent decree, making a declaration about the constitutionality of the Citizens' Bill of Rights, we shouldn't worry about it because the other side may say it doesn't bind anybody. Well, I'm not sure we should not worry about it, but I do suspect that that is going to be an argument that someone makes. I suspect you're right. That doesn't really speak to the question of whether there's Article III standing for these people on appeal because there's not mootness because there's an ongoing binding court order. A binding court order certainly with regard to Seneca and Highland Township. That's the point, right? It isn't just about Seneca and the township. You didn't want it to just be about Seneca and the township. You wanted it to be a declaration that the things that were said in that ordinance couldn't be said, that they were declared to be unconstitutional, invalid. Nobody could say them because they're out of bounds. Now, you may very well be right about those things, but whether you're right or wrong, the point is it wasn't just a private settlement between a couple of parties. It was a declaration of rights moving forward, right? It was a declaration of rights moving forward, but whether that binds the world or at least the people in the Western District, I'm not certain. We'll probably argue that. What would a declaration of unconstitutionality be if not a declaration to the world? It doesn't say this is unconstitutional as to this party or that party. It says it's unconstitutional. You can't do that. Correct. And perhaps in the Western District that is people are bound by that, whether this court, if at some point it gets before this court, the substance of it, we'll see if others are bound by it. But, again, I have to say, though, Your Honor, I respectfully go back to my original point that in terms of the potential interveners getting to this court, there has to be Article III standing. And presumably that is one of the reasons this court asked for supplemental briefing on the Article III standing issue. And as we indicated in Arbergs, we don't believe they have the ability to get up to this court to make those arguments because of Hollingsworth. And with regard to the other arguments, I know the Court has read the briefs, so unless there are other questions, I will pass to Mr. Martinucci. Thank you, Mr. Eulers. Mr. Martinucci. Good morning. Excuse me. Good morning. My name is Arthur Martinucci. I represent Highland Township in this matter. I request six minutes of the allotted 15 minutes for the appellees in this case. Yes, sir. I'm sorry to start off with a question that more than usual reveals my ignorance. I don't understand. Can you enlighten me a little bit on who is speaking for the township now? Because I read something that you had submitted in the court below, and it seemed to say, hey, you have to help us with this because we can't help ourselves. It was an assertion, if I understood it correctly, that having gone ahead and made some changes to the home rule charter, the township supervisors were not in a position to speak authoritatively, and maybe I misunderstood what you were saying there. I don't think that that's anything that I ever said, Your Honor. I think that you might have been looking at a filing from Thomas Lindsay, who is an attorney with the Community Environmental Legal Defense Fund, which is the same organization representing the attempted intervenors in this case. And Mr. Lindsay eventually, well, he originally represented the township, but in June of 2016, I replaced Mr. Lindsay seldom part in company with the township at that point in time because they no longer enjoyed the support and confidence of the township supervisors, the majority of which had changed since the inception of the case and the adoption of the Community Bill of Rights. So, yeah, I remember there was an exchange where they said, they came forward and said, we agree that we're not going to defend this, and so you should let there be an intervention. And I take it, no, that was, again, that was Mr. Lindsay responding to, that was Mr. Lindsay responding to the original motion to intervene. And I don't think that he said we're not going to defend it anymore. Well, he said Highland Township Board of Supervisors represents all residents. It is their position that the proposed intervenors should have an opportunity to defend their rights as secured by the ordinance because it's, quote, likely the township may seek to repeal the ordinance. That was Mr. Lindsay's opinion. That was not the opinion of Highland Township, and it's not my opinion. I do not hold to that. He filed that without authorization? I believe so. Well, because there's nothing in the record that reflects that anybody ever said, hey, wait a second, we take that back. No, Your Honor. There is no indication that, I mean, given the procedural posture and the timing of things, there really wasn't a time or opportunity to file something to say, hey, we back away from everything that Mr. Lindsay had previously filed. The court had already ruled on the motion to intervene at that point in time. It wasn't something that was live before me to take up and say, hey, listen, we know that you've already ruled on this motion, Magistrate Judge Baxter, but we just want to make it clear that the township no longer holds to this position. So the landscape changed dramatically at the end of 2015, beginning of 2016, in terms of the composition of the Board of Supervisors. Did it change again? No. I thought it changed again. No. No? There wasn't something that happened where they changed the home rule charter and then they wanted to re-adopt aspects of this ordinance into the charter? To be clear, what you are talking about is something that the supervisors had nothing to do with. Right, which is why I started my question by saying, who speaks for the township? The supervisors. Then what is that thing that happened toward the end of 2016? Does it have any legal salience? Because I really do think, I'm having a hard time putting my hand up, but I really do think I read something where you went to the lower court after the change in the home rule charter and said, we have to count on you to help us with this because for the next five years, we're bound by what happened. We can't change things. That's in the second case, and we're not saying that we have to rely on the court. We're simply saying that we are saying we have to rely on the court to reach some decision in that case. That's a separate docket number. That's not what we're here on the appeal for. But, yes, you're correct in that regard. There was a change, not in terms of the supervisors. The supervisors are still the same. Is the change relative to the home rule charter? My understanding of the sequence here is you had a vacancy by death or resignation that was then filled by the court of common pleas. There was one supervisor who was laid out in November and replaced, and then another who died at the end of December in 2015. So two of the three members of the board now are different from the earlier composition of the board. And the newly composed board ultimately acts upon the original ordinance. Is that right? The original and amended ordinance. Yes, sir. All right. But then you have essentially a referendum on a home rule charter. Is that right? The first thing in May of 2016 is the referendum on the formation of a government study commission under Pennsylvania's home rule charter law. Right. That's the way it acts. So that comes into play. The vote is in favor of that referendum. So they form the government study commission. Community Environmental Legal Defense Fund advises that study commission. Unsurprisingly, they come up in the fall after this case is settled and after the consent decree has been entered and after the ordinance has been rescinded. The government study commission comes up with a recommendation for the home rule charter. And less than 100 people come out to vote on that. Right. And that home rule charter now attempts to or purports to reinstate the ordinance that had been repealed by the Board of Supervisors. Indeed. So hence my question. How is it that the Board of Supervisors can say to the district court, even if it's in the Seneca 2 case and not this case, how can it say, hey, we need you to take care of this because we can't do it because we're bound by something politically that's happened. And yet you can continue to maintain a position in this case that appears to be at odds with what the voters in the township have decided most recently. I mean, how does that happen? How does that work? That's just a matter of authority to speak. Highland Township is a political subdivision of the Commonwealth of Pennsylvania. The state constitution and state laws imbue it with certain rights and responsibilities. And even under the home rule charter, they still keep the three supervisor board. So these people still have the say. They still have the right to speak for Highland Township. You're talking about the supervisors. Yes, sir. They not only have the right to speak for it, they have the right to govern. Yes, they are the governing body of the town. And they have an obligation to uphold the constitution of the Commonwealth of Pennsylvania, to uphold the constitution of the United States of America, and to abide by the laws as they exist. So are you implicitly suggesting that there is at the very least tension between those laws you're generally referencing and the content of the home rule charter? Absolutely. All right. Absolutely. Gotcha. Okay. You have the briefs. I don't know if there are any other questions or anything else I can tell you. I'm happy to answer whatever you might have. Thank you very much. Thank you. Mr. Sherman Warren, we'll have you back on rebuttal. Your Honor, I'd like to start by correcting some of the factual variants that you just heard. So in the record before this court, there is no record of counsel for Highland Township taking back the prior filings by Highland Township because they never did. The trial court gave them that opportunity. There's a transcript in the appendix from a June 15, 2006 hearing in which the trial court's trying to figure out, are you going to take that step back? Because your new counsel, maybe you want to change your strategy. And they say, well, give us some time to consult with the supervisors and figure that out. The trial court says, well, how much time? And we decide, well, 30 days. So we're going to have a hearing July 15th. At that July 15th hearing, we were going to hear from counsel for Highland Township as to whether they were going to take back any of those prior things. So are you asserting that there's some kind of judicial estoppel here, that having said in the district court at one point, we don't oppose intervention. In fact, we think you ought to let them intervene, that they cannot change position later. There's somehow a stop from moving away from that once they have a different change in the composition of the Board of Supervisors and hire new lawyers? I haven't thought of that theory, but if you want to run with it, that would be great. No, it's not. These are questions for you. That's your job. Well, no, what I'm saying is they said, well, we wanted to take it back, or there's no record that it wasn't taken back, and I'm saying there wasn't an opportunity to take it back, and they didn't take it back. The trial court canceled that July 15th hearing. We scheduled it out August 15th. I twice asked counsel for Highland Township if it would be rescinding the ordinance. I got no response. I found out about it through a public notice in the newspaper, filed a supplemental brief to the trial court, and said, hey, they really are going to repeal the ordinance. Look, they've said it in the newspaper. Trial court still doesn't do anything about our pending notion for reconsideration of the intervention denial, and instead the trial court lets them repeal it. Well, of course they can repeal it. In the evening, the next morning, they file the consent decree. Trial court instantly agrees and closes the case. So the interveners were locked out of it this whole time. We were trying to figure out if they were rescinding. They wouldn't say, and the reason they wouldn't say, I think, is pretty clear, although the evidence is circumstantial, is because they were working out an agreement behind the scenes, and the interveners were locked out of the court. An agreement behind the scenes, which, but for the consent decree, you don't disagree they could enter into, right? But for the portion of the consent decree concerning the validity of the ordinance. He's not asking about the content of it. He's asking about whether or not they could, by way of having the authority, enter into a consent decree. Their consent decree language is... He's not asking about the language. Well, it is about the language, because they say in the consent decree, we, Seneca and Hyland, agree that this is what the law should be. All right, we've heard this. The trial court then adopts that. Enough. We've heard that already. Thank you. Your time is up. There are some other assertions of facts. Your time is up, sir. Thank you, Your Honor. You'll take the case under advisement. Thank you very much, counsel.